UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE RAY McKINLEY, JR., CDCR #H83058,<br><br>                            Plaintiff,<br><br>    vs.<br><br>J. RUDDY, *et al.*,<br><br>                           Defendants. | Case No. 17-cv-0154-BAS-WVG<br><br>**ORDER DISMISSING CIVIL ACTION FOR (1) FAILURE TO STATE A CLAIM AND (2) FAILURE TO PROSECUTE** |

     Donnie Ray McKinley, Jr. ("Plaintiff"), while housed at Centinela State Prison located in Imperial, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. §1983. (ECF No. 1). On May 16, 2017, the Court granted Plaintiff leave to proceed *in forma pauperis*, but dismissed his Complaint for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B) and §1915A(b). (*See* ECF No. 3.) Plaintiff was informed of his various pleading deficiencies, and granted 45 days to file an amended complaint. (*Id.* at 11−12.) Plaintiff was further cautioned that his failure to amend would result in the dismissal of his case. *(Id.* at 12 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).) More than five months have passed since the Court's May 16, 2017, 2017 Order, and Plaintiff's Amended Complaint was due on or

about July 1, 2017. But to date, Plaintiff has failed to file an amended complaint. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B) and §1915A(b), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's May 16, 2017 Order (ECF No. 3). The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

DATED: November 8, 2017

Hon. Cynthia Bashant
United States District Judge